**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Alex J. Cucu, et al.,** | ) | **CASE NO. 1:12 CV 3093** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Tracy Holmes Super,** | ) | **Memorandum of Opinion and Order** |
| ***Administratrix of the Estate of*** | ) | |
| **Emma Margaret Nahas** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Claimant Tracy Holmes Super's Motion to Stay this

Action and Lift Restraining Order Against Prosecution of Her State Court Suit (Doc. 13).  This

action arises under the Admiralty laws.  For the reasons that follow, the motion should be

DENIED until such time as Super either files an "F(7) motion" challenging the value of the

vessel or concedes the value placed on the vessel and its freight as asserted by the vessel owner.

Upon satisfaction of this condition, the claimant may notify the Court and the Court will lift the

1

restraining order.

**FACTS**

Plaintiffs, Alex J. Cucu ("Cucu"), Deerhaven Group Auto and Marine, LLC ("Deerhaven"), and Deerhaven Group, LLC (also, "Deerhaven"), bring this action seeking exoneration from or limitation of liability under the Vessel Owners Limitation of Liability Act, 46 U.S.C. § 30501 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

According to the complaint, on June 29, 2012, Tracy Holmes Super, administratrix of the Estate of Emma Margaret Nahas, brought suit against Cucu and Deerhaven in state court. The state court complaint alleges that Nahas died during a boating excursion. Super further alleges that Cucu owns the boat and Deerhaven is in the business of brokering used watercraft, including the boat at issue.

After the filing of the complaint in this Court, Cucu and Deerhaven moved the Court for an order approving a security bond. In addition, Cucu and Deerhaven moved for issuance of notice and a restraining order preventing the prosecution of the state court case and the commencement or further prosecution of any actions relating to the occurrence. This Court granted the motion. Super now moves to lift the restraining order and Cucu and Deerhaven oppose the motion.

**ANALYSIS**

Super argues that this is a "single claim, inadequate fund case." According to Super, the stay should be lifted because she filed certain stipulations related to the "limitation of liability" provision of the Limitation Act. Super claims that, as a result of the stipulations, the Court

2

should lift the restraining order and allow the case to proceed in state court.  In the event plaintiff succeeds in state court and the damage award is greater than defendants' claimed interest in the vessel at issue, then the parties will return to this Court.  According to Super, the Court will then determine "only (1) whether [Cucu and Deerhaven] had privity to or knowledge of the acts, events or conditions upon which [their] liability was based in the state court action and, if so (2) the value of [Cucu and Deerhaven's] interest in the [vessel], together with pending freight."  Super argues that she is not required to stipulate to this Court's exclusive right to determine "exoneration" issues.  Rather, her stipulation to this Court's exclusive right to have limitation issues determined here is sufficient.

In response, Cucu and Deerhaven argue that, although Super is currently the only claimant, there is nothing to foreclose additional claimants from coming forward.  These parties also argue that Super's stipulations are insufficient to warrant a lifting of the restraining order.  For example, Super does not stipulate to this Court's exclusive jurisdiction to have exoneration issues determined here.  Nor does Super concede the value of the limitation fund.  Rather, Super expressly reserves the right to challenge the adequacy of the fund "at a later time."  In addition, Super expressly reserves the right to contest standing under the Limitation Act.  Accordingly, Cucu and Deerhaven argue that the stipulations fall far short of protecting their rights.

The dispute in this case arises because of tension between two federal statutes.  On the one hand, the Limitation Act provides:

> The liability of the owner of any vessel...for any...loss...done...without the privity or knowledge of such owner or owners, shall not...exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C. § 183(a).  Rule F of the Supplemental Rules of for Certain Admiralty and Maritime

3

Claims provides the procedure for a Limitation Act action.  Included in those rules is a provision requiring the Court to "enjoin further prosecution of any action or proceeding against the plaintiff."

On the other hand, 28 U.S.C. § 1333(1) provides that district courts shall have exclusive jurisdiction over "any case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*."  This is commonly referred to as the "savings to suitors" clause, which preserves common law rights in certain cases, including the right to a jury trial.  Thus, a conflict arises between the statutes in cases in which claimants pursue common law claims in state court and the vessel owner institutes an action in federal court under the Limitation Act.

Courts have reconciled the conflict by creating two exceptions to the Limitation Act.  Courts have "generally permitted claimants to proceed with their claims in state court where there is only a single claimant...or where the total claims do not exceed the value of the limitation fund...."  *Lewis v. Lewis & Clark*, 531 U.S. 438, 451 (2001).  The first exception is known as the "single claimant, inadequate fund" exception, which is present in this case.[1]

If an exception applies, courts look to see whether stipulations filed by the claimant are sufficient to protect the rights of the vessel owner under the Limitation Act.  In this fashion,

_____

[1]  Cucu and Deerhaven argue that this is not a "single claimant" case because the decedent's father might file a claim.  This Court disagrees.  The Court issued an order requiring all claimants to file their claims in this case.  The decedent's father filed no such claim.  Nor is there a claim pending in another jurisdiction.  The Court finds that this is a "single claimant" case because there currently is only one claimant.  Moreover, there appear to be no issues regarding potential indemnification, which might result in a claim arising in the future.

4

courts are able to "reconcile a [claimant's] right to his remedy under the savings to suitors clause with a [shipowner's] right to seek limited liability under the Limitation Act." *Id.*

Here, Super stipulated that she would:

• agree to litigate all issues related to limitation of liability pursuant to the Limitation Act in this Court;

• waive any claim of *res judicata* relevant to the issue of limitation of liability pursuant to the Limitation Act based on any jury or non-jury trial that may be obtained in state court, except for her "maintenance and cure" claim[2]; and

• forgo enforcement of any judgment received in excess of $482,000 (the professed value of the vessel and its cargo) until such time as this Court adjudicates the limitation of liability.

In her stipulations, Super indicates that she does not waive her right to challenge standing.  Nor does she stipulate that the issue of "exoneration" should be heard in this Court. Cucu and Deerhaven argue that Super's failure to stipulate to "exoneration" prevents this Court from lifting the stay.

Upon review, the Court rejects the arguments raised by Cucu and Deerhaven.  As an initial matter, the Court finds that Super need not stipulate to this Court's exclusive jurisdiction over "exoneration" issues.  Although it does not appear that the Sixth Circuit has directly addressed this issue, the Court finds the Fifth Circuit's reasoning in *In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001) to be persuasive.  There, the Court held:

The Limitation Act itself does not expressly provide...a right to exoneration.  However, the Federal Rules of Civil Procedure provide that a limitation claimant "may demand exoneration."  In *Falcon Inland*, the court noted that Rule F uses the permissive verb "may" and reasoned that the word "shall" would have been used if the exoneration issue were reserved exclusively to federal courts.  Additionally, since the Limitation Act itself

---

[2]      In her reply brief, Super waives any claim for maintenance and cure.

5

> does not grant a right to exoneration, the tension is between the savings to suitors clause
> and Rule F, not the Limitation Act.  Supplemental Rules cannot enlarge the substantive
> rights conferred on shipowners by the Limitation Act.

(Citations omitted).  *See also, In re Riverway Harbor Service, St. Louis, Inc.,* 263 F.3d 786, 792

(8th Cir. 2001)("as long as a claimant stipulates to exclusive federal jurisdiction for limitation of

liability purposes, that claimant may also pursue any other claims dealing with exoneration from

liability in state court pursuant to the saving to suitors clause); *In re Consolidation Coal Co.*, 123

F.3d 126 (3d Cir. 1997)(noting that "serious doubts" exist as to whether a claimant must waive

exoneration issues and indicating that district courts should not read the opinion as

"implicitly"approving such a requirement);  *In re Association of Maryland Piolets,* 596

F.Supp.2d 915, 921 (D. Md. 2009)(holding that Fourth Circuit would likely agree with the

analysis in *Tidewater* and therefore finding that claimant need not stipulate to exoneration).  This

Court is persuaded by the succinct and logical reasoning set forth in *Tidewater.*

Cucu and Deerhaven argue that the Supreme Court's holding in *Lewis v. Lewis & Clark*

*Marine, Inc.*, 531 U.S. 438 (2001) dictates that an exoneration stipulation is required before the

Court can lift the stay.  The Court disagrees.  In that case, the Court of Appeals held that the

"right to exoneration is properly within the exclusive jurisdiction of the federal admiralty

court...."  *Lewis v. Lewis & Clark Marine, Inc.*, 196 F.3d 900, 907-08 (8th Cir. 1999), *rev'd*,

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001).  The Supreme Court reversed, noting:

> The Court of appeals concluded that there was no conflict [between the Limitation Act
> and the 'saving to suitors' clause] because respondent had a right to seek exoneration
> from liability in federal court, and petitioner did not have a saved remedy under the
> saving to suitors clause.  That reasoning misapprehends this Court's prior decisions.

The Supreme Court further held:

In sum, the Court's case law makes clear that state courts, with all of their remedies, may

6

adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected.  Respondent seeks to invert that rule, making run of the mill personal injury actions involving vessels a matter of exclusive federal jurisdiction except where claimant happens to demand a jury trial.

Thus, contrary to the arguments raised by Cucu and Deerhaven, the Supreme Court did not find that federal courts have exclusive jurisdiction over *exoneration* issues.  *See also, In re Riverway Harbor Service, St. Louis, Inc.,* 263 F.3d 786, 792 (8th Cir. 2001)(noting that pursuant to *Lewis & Clark*, a claimant satisfying the "single claimant" exception need not also file stipulations related to the exclusive jurisdiction of the federal court to resolve exoneration issues).

The Court is also not convinced that Super's refusal to consent to standing prevents this Court from lifting the stay.  This Court will determine whether Cucu and Deerhaven have standing to assert claims under the Limitation Act.  If standing is lacking, there is no claim to pursue under the Limitation Act and a lifting of the restraining order would be appropriate.  If standing exists, then the Court will proceed to address the limitation issues in any event.  In other words, a federal court will hear the standing issue and the ruling will have no bearing on the matters proceeding in state court.  The Court fails to see how allowing Super to pursue her claims while at the same time preserving arguments regarding standing, will violate the rights of Cucu and Deerhaven to have a federal court determine issues regarding limitation of liability.

Nor does the failure of Super to stipulate to the value of the vessel and its cargo prevent the Court from lifting the restraining order.  The Sixth Circuit addressed this issue in *In re Midland Enterprises, Inc.,* 886 F.2d 812 (6th Cir. 1989).  There, the court held that a district court can lift a restraining order provided the claimant "concede the right of the district court to determine value, but not the value itself."  *Id*. at 817.  The court, however, further "decided to set

7

forth a procedure which hopefully will avoid such controversies in the future." *Id*.  Pursuant to the Sixth Circuit's procedure, a claimant must either file an "F(7) motion...challenging the value" or "concede the value placed on the vessel and its freight" as asserted by the vessel owner.  Once a claimant undertakes either action, the state court action may proceed.  Here, Super has neither filed a motion nor conceded the value.  Accordingly, until such action is taken, the restraining order cannot be lifted.  Super may, however, notify the Court after undertaking either action and this Court will lift the restraining order.  Pursuant to *In re Midland*, the state court case need not be stayed pending a resolution by this Court of any Rule F(7) motion filed by Super.  Rather, in the event Super files a Rule F(7) motion, this Court will address it during the pendency of the state court action.  If Super concedes the value, this action will be stayed.

### <u>CONCLUSION</u>

For the foregoing reasons, Claimant Tracy Holmes Super's Motion to Stay this Action and Lift Restraining Order Against Prosecution of Her State Court Suit is DENIED until such time as Super either files an "F(7) motion" challenging the value of the vessel or concedes the value placed on the vessel and its freight as asserted by the vessel owner.  Upon satisfaction of this condition, the claimant may notify the Court and the Court will lift the restraining order.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/30/13

8