UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Alex J. Cucu, et al.,** | ) | **CASE NO. 1:12 CV 3093** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Tracy Holmes Super,** | ) | **Memorandum of Opinion and Order** |
| *Administratrix of the Estate of* | ) | |
| **Emma Margaret Nahas** | ) | |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiffs' Motion to Stay Pending Appeal (Doc. 27). This action arises under the admiralty laws. For the reasons that follow, the motion is DENIED.

## FACTS

Plaintiffs, Alex J. Cucu ("Cucu"), and Deerhaven Group Auto and Marine, LLC and Deerhaven Group, LLC (collectively, "Deerhaven"), bring this action seeking exoneration from or limitation of liability under the Vessel Owners Limitation of Liability Act, 46 U.S.C. § 30501

and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  On June 29, 2012, Tracy Holmes Super, administratrix of the Estate of Emma Margaret Nahas, brought suit against Cucu and Deerhaven in state court after a boating incident.

Cucu and Deerhaven moved for issuance of notice and a restraining order preventing the prosecution of the state court case and the commencement or further prosecution of any actions relating to the occurrence.  This Court granted the motion. Super then moved the Court to lift the restraining order on the grounds that this is a single claimant case and the stipulations filed are sufficient to protect the interests of Cucu and Deerhaven.  The Court granted the motion finding that Super need not stipulate to "exoneration" from liability.

Cucu and Deerhaven filed a notice of appeal and now move this Court to stay the lifting of the injunction until such time as the Sixth Circuit can hear the appeal.  Super opposes the motion.

**ANALYSIS**

As noted by the parties, this Court should analyze traditional stay factors in deciding the instant motion.  Those factors include: likelihood of success on the merits[1]; irreparable injury; harm to the parties; and the public interest.

The Court finds that a stay is not warranted in this case.  The primary issue in this case is whether Super is required to stipulate that this Court will decide *exoneration* of liability in addition to limitation of liability.  This Court held that Super need only stipulate to a limitation

---

[1] According to Cucu and Deerhaven, because the harm they will suffer absent a stay is "great," they need only show a "substantial case on the merits."

2

of liability. According to Cucu and Deerhaven, the Sixth Circuit has not yet spoken on this issue. Therefore, they argue, there is a least a substantial case on the merits. This Court disagrees. As noted in the Opinion, the Fifth Circuit has thoroughly spoken on this issue and a number of other federal courts have implicitly addressed the issue. One district court held that it was likely the Fourth Circuit would follow the Fifth Circuit. On the other hand, Cucu and Deerhaven point to no persuasive authority supporting their position. Simply because the Sixth Circuit has not yet had an opportunity to address an issue– especially an issue that rarely arises– does not mean that there is a substantial likelihood that Cucu and Deerhaven will succeed on appeal. Nor does it mean that there is a "substantial case on the merits." Cucu and Deerhaven point to nothing to convince the Court that a stay is warranted.[2]

The Court also finds that Super will suffer harm if a stay is entered. This is not a case in which the appeal will somehow nullify liability. Rather, the present dispute centers simply on whether a state or federal court must decide exoneration issues. Requiring Super to forego prosecution of her case, which has already been pending for over a year, will cause yet another significant delay. Moreover, the Court is not convinced that Cucu and Deerhaven will suffer irreparable harm absent the issuance of a stay. As an initial matter, the movants do not point to any irreparable harm until their reply brief. Moreover, at its core, Cucu and Deerhaven argue that having these issues heard in state court, as opposed to federal court, amounts to irreparable harm. Yet, movants cite no law in support of this position. *Cf., Datcom, Inc. V. Integrated*

---

[2] Cucu and Deerhaven also argue that this Court erred in refusing to require Super to stipulate to standing. Again, however, the moving parties point to no authority requiring a party to stipulate to standing under the Limitation Act.

*Technology, Inc.*, 10 F.3d 805 (1 st Cir. 1993)(noting that remand order is not appealable and mandamus relief not appropriate because preference for federal forum is insufficient to establish irreparable harm). In all, the Court finds that a stay is not warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Stay Pending Appeal is DENIED.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 7/19/13                United States District Judge